IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LAMONE UPKINS,

    Petitioner,    :  Case No. 3:19-cv-088

 - vs -           District Judge Thomas M. Rose
               Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
 London Correctional Institution
               :
    Respondent.

**REPORT AND RECOMMENDATIONS**

Lamone Upkins brings this Petition for Habeas Corpus *pro se* pursuant to 28 U.S.C. § 2254 (ECF No. 1). He seeks relief from his conviction in the Common Pleas Court of Shelby County, Ohio, on drug trafficking charges. Upon initial review, the Magistrate Judge ordered Respondent to file the State Court Record (ECF No. 4), and a Return of Writ (ECF No. 5), which has been done. Upkins has now filed his Reply to the Return of Writ (ECF No. 10), making the case ripe for decision.

**Litigation History**

On October 1, 2015, a Shelby County, Ohio, grand jury indicted Upkins on four fifth-degree felony Ohio Revised Code § 2925.03(A)(1) Trafficking in Drugs charges, seven fourth-degree felony Ohio Revised Code § 2925.03(A)(1) Trafficking in Drugs charges, and one third-degree felony Ohio Revised Code § 2925.03(A)(1) Trafficking in Drugs charge (State Court

1

Record, ECF No. 4, Ex. 1, PageID 29-31). In a plea agreement negotiated with the assistance of counsel, Upkins agreed to plead guilty to two fifth-degree felony Trafficking in Drugs charges, two fourth-degree felony Trafficking in Drugs charges, and one third-degree felony Trafficking in Drugs charge. The parties jointly recommended an aggregate four-year prison sentence. *Id*. at Ex. 3, PageID 33-41. Instead, the trial court sentenced Upkins to an aggregate 11 months in prison for the two fifth-degree felony Trafficking in Drugs convictions, an aggregate 17 consecutive months in prison for the two fourth-degree Trafficking in Drugs convictions, and 30 consecutive months in prison for the third-degree felony Trafficking in Drugs convictions, resulting in an aggregate 58 months in prison. *Id*. at Ex. 6, PageID 60.

On direct appeal, the Ohio Third District Court of Appeals found no arguable issues and dismissed the appeal as frivolous after counsel filed an *Anders* brief. *State v. Upkins*, Case No. 17-16-04 (3rd Dist. Shelby Oct. 13, 2016) (unreported; copy at State Court Record ECF No. 4, Ex. 17. PageID 186-89). Although it initially accepted jurisdiction, *State v. Upkins,* 149 Ohio St. 3d 1405, 2017-Ohio-2822, the Supreme Court of Ohio later dismissed the appeal as having been improvidently granted, without ruling on the merits. 154 Ohio St. 3d 30, 2018-Ohio-1812.

Claiming ineffective assistance of appellate counsel, Upkins filed an Application to Reopen the direct appeal under Ohio R. App. P. 26(B) (State Court Record, ECF No. 4, Ex. 26, PageID 330-90), which the Third District ultimately denied on the merits. *State v. Upkins*, Case No. 17-16-04 (3rd Dist. Feb. 21, 2017) (unreported; copy at State Court Record, ECF No. 4, Ex. 29, PageID 402-03). The Supreme Court of Ohio declined to exercise further appellate jurisdiction. *State v. Upkins,* 149 Ohio St. 3d 1435, 2017-Ohio-4396.

In his Petition here, Upkins pleads the following grounds for relief:

> **Ground One:** Character of the plea agreement: Specifically pursuant to Ohio R. Crim. P. 11(F) negates the requisite voluntary

and knowing character of the plea, thus void [sic] the plea. Ohio R.Crim.P. 11(F) provides for negotiating only to pleas of guilty or no congest to one or more lesser offenses and does not contemplate punishment will be subject to "Ple [sic] Bargaining." Prosecutor's inducement of a written plea agreement of (4) years punishment contrary to Ohio R. Crim. P. 11(F) and not withstand ding unsupported by the trial court for which has sound discretion, the prosecutor's unfulfillable promise, negates the knowing, volunt [sic].

**Ground Two:** Ohio R. Crim. P. 11(C)(2). Trial court's compliance with Due Process in accepting the Appellant's written plea agreement & whether appellant was afforded and acknowledged the option to withdraw his guilty plea.

**Supporting Facts:** The trial court excepted [sic] the appellant's guilty plea as part of a jointly recommended plea agreement of (4) years for trafficking in (1.45g) one and forty-five one hundredths of a gram of drugs. The court after accepting appellant's guilty plea sentenced the appellant to 58 months for a non-violent drug offense new affording the opportunity to withdraw plea. Ohio R. Crim. P. 11(C)(2) provides it is the trial court's responsibility to evaluate plea agreements, a decision rejecting a plea bargain should be accompanied by the trial court[']s reasons, absent facts and circumstances that speak so eliquently [sic] that no statement by the judge is required.

**Ground Three:** Breach of the plea agreement by the State; The State signed a written plea agreement to jointly recommend a specific term in prison of (4) years, the plea agreement being contract in nature, the state breached the agreement with end-run comments at sentencing of danger that gave rise to doubt in that the judge states: "As everyone has echoed here today," clearly influenced the judge's decision to enhance a greater sentence as the comments were meant to do.

**Ground Four:** Whether the Appellant was afforded Effective Assistance of Counsel.

**Supporting Facts:** In conflict trial counsel acted as appellate counsel and immediately files an *Anders* Brief stating defendant's appeal was totally frivolous when the issue of ineffective assistance of trial counsel wanted to be raised by the appellant. As well, Appellate/Trial counsel deliberately misrepresented the facts surrounding the use of materially false in formation at sentencing to

enhance a greater sentence upon the appelant [sic] for which was objected to by the App.

**Ground Five:** Whether the trial court errored [sic] in imposing fines.

**Supporting Facts:** The Ohio Supreme Court has held that the issues concerning fines has to be raised at sentencing, the appellant requested his fines be waived do [sic] to the amount of time in prison and the appellant would not be making more than twenty dollars per week, making the appellant indigent by law. The court failed to conduct any inquiry to determine whether the defendant had the ability to pay any fines. If the court finds the defendant doesn't have the ability to pay them, the court must suspend all or substantially all of the fine. Court failed to do so.

(Petition, ECF No. 1, PageID 6-12.)

## Analysis

**Ground One: Invalidity of the Plea Agreement**

In his First Ground for Relief[1], Petitioner argues the plea agreement in this case is not permitted by Ohio R. Crim. P. 11(F) which does not contemplate that punishment will be subject to plea bargaining. He reasons that because the plea agreement is invalid, his guilty plea is also. He also claims that the prosecutor's promise to recommend a sentence of four years was unfulfillable, thereby rendering the plea agreement a nullity.

The plea agreement in this case is memorialized in what appears to be a form document of the Shelby County Court of Common Pleas. ¶ 6 provides in typescript "I understand that there is

---

[1] Respondent argues the first three grounds of relief together (Return of Writ, ECF No. 5, PageID 471), but Petitioner asserts "each ground has its own distinct merit for review." (Traverse, ECF No. 10, PageID 500). The Magistrate Judge will discuss the Grounds separately.

4

an underlying agreement upon this plea is based and it is as follows:" On the spaces below this typed language there appears in handwriting "plea to Count X; Count I, Count II; Count III, Count IV; joint recommendation at sentencing of four (4) years." (State Court Record, ECF No. 4, PageID 34). Other handwritten portions of the form include a request that the court accept a plea of guilty to Counts I, II, III, IV, and X and a recitation of the maximum penalties for each of those counts. *Id.* at PageID 35. Petitioner also acknowledged that the maximum sentence could be ninety-six months. *Id.* at PageID 35-36. In printed language, the form declares that no one had made any promise of a lighter sentence in exchange for the guilty plea and "that the sentence that I will receive is a matter solely within the discretion and control of the Judge despite any and all recommendations made to the Court. . . . I respectfully request the Court to consider, in mitigation of punishment, that I have voluntarily entered a plea of guilty." *Id.* at PageID 37.

Upkins alleges this plea agreement violates Ohio R. Crim. P. 11(F) (Petition, ECF No. 1, PageID 6). That rule reads

> (F) **Negotiated plea cases.** When a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court. To the extent required by Article I, Section 10a of the Ohio Constitution or by the Revised Code, before accepting the plea, the trial court shall allow an alleged victim of the crime to raise any objection to the terms of the plea agreement.

No part of this Rule forbids the prosecutor from agreeing to make a recommendation on sentence, nor has Petitioner cited any Ohio case authority to that effect. All the rule on its face requires is that, whatever the agreement is must be stated on the record in open court. That was accomplished by having the plea agreement be in a filed court document and also by the manner in which the trial judge discussed the plea agreement in the plea colloquy.

Just as there is nothing in Criminal Rule 11(F) that prohibits a plea agreement from including a sentence recommendation promise, there is also nothing known to this Court in Ohio law apart from the Rule which forbids a prosecutor from making such a promise. On its face, then, the plea agreement does not violate Ohio R. Crim P. 11(F) and the prosecutor's promise, reflected in the plea agreement, is not unfulfillable.

In addition to these points, to the extent Upkins is claiming that the trial judge did not follow Ohio law (Petition, ECF No. 1, PageID 7), he has not stated a claim for relief in habeas corpus. On questions of state law, a habeas court is bound by state court interpretations. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). And even if there were a violation of Ohio R. Crim. P. 11(F), a federal court can grant habeas relief only on proof of a federal constitutional violation. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

In his Traverse, Upkins appears to contend the prosecutor made a different promise: not to recommend a four-year sentence, but that the Court would actually impose a four-year sentence (ECF No. 10, PageID 500-03). That, of course, is not what the plea agreement states (State Court Record, ECF No. 4, Ex. 3, PageID 33-41). Nothing in the plea agreement suggests that it will be invalidated if the judge does not follow the recommendation.

It is therefore recommended that the First Ground for Relief be dismissed.

**Ground Two: Trial Court Acceptance of the Plea Agreement**

In his Second Ground for Relief, Petitioner argues the trial court did not provide him with due process of law in accepting the plea agreement and should have acknowledged that he had an option to withdraw his plea if the agreement was not accepted (Petition, ECF No. 1, PageID 7).

The difficulty with Ground Two is that it assumes facts contrary to what the record shows. The trial judge did accept the plea agreement, so there was no occasion for him to state his reasons for rejecting it. The agreement was that both parties would recommend a four-year sentence and explicitly recognizes that the judge is not bound to impose the recommended sentence, but may impose any sentence up to the statutory maximum for the five counts of conviction, which is recited to be ninety-six months. The agreement does not provide that Petitioner had the right to withdraw his guilty plea if the judge sentenced him above the recommended sentence (State Court Record, ECF No. 4, Ex. 3, PageID 33-41). . Under Ohio law, a guilty plea may be withdrawn only on motion, Ohio R. Crim. P. 32.1, and Petitioner never moved to withdraw his guilty plea. Neither the Ohio Rules of Criminal Procedure nor the United States Constitution requires a trial judge to remind a criminal defendant of the motions he is allowed to make.

Petitioner claims his guilty plea was not voluntary because, although he understood the trial court was not bound by the jointly recommended sentence, "he also believed the court would not accept the plea unless the court intended to impose the jointly agreed sentence . . . ." (Traverse, ECF No. 10, PageID 505, citing *United States v. Hyde*, 520 U.S. 670, 677-78 (1997)). However, a criminal defendant who pleads guilty pursuant to a valid plea agreement cannot rely on an expectation which has not been induced by an actual promise. A court cannot rely on the petitioner's alleged "subjective impression" "rather than the bargain actually outlined in the

7

record," for to do so would render the plea colloquy process meaningless. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). If the plea colloquy process were viewed in this light, any defendant who alleged that he believed the plea bargain was different from that outlined in the record would have the option of withdrawing his plea despite his own statements during the plea colloquy indicating the opposite. *Id.*

Upkins complains that the trial judge did not, in the plea colloquy, advise him of any right to withdraw his guilty plea if the recommendation were not accepted; nor did the judge warn him that he could not withdraw his guilty plea if that happened (Traverse, ECF No. 10, PageID 507). However, he cites no United States Supreme Court case holding a state court is bound to do either of those things in accepting a guilty plea. Instead, he cites the Due Process Clause, the Equal Protection Clause, and the Sixth Amendment right to competent counsel. *Id.* Yet, before a state prisoner is entitled to habeas corpus relief, he must show a violation of a federal constitutional right as clearly established in Supreme Court precedent. This Court knows of no such precedent to support either of these two claims and a habeas trial court is not authorized to make an original interpretation of the Constitution to recognize a right the Supreme Court has not recognized.

Upkins relies on *United States v. Benitez* (Traverse, ECF No. 10, PageID 507, citing 310 F. 3d 1221 (9th Cir. 2002)). Benitez was interpreting **Federal** Rule of Criminal Procedure 11, not the United States Constitution. Supreme Court interpretations of the Federal Rules are not binding on the States' interpretation of their own rules of criminal procedure. Moreover, the United States Court of Appeals for the Ninth Circuit's decision was reversed by the Supreme Court. *United States v. Dominquez Benitez*, 542 U.S. 74 (2004). In *State v. Moore*, 3rd Dist. Hardin Nos. 6-07-03, 6-07-04, 2007-Ohio-6018 (Nov. 13, 2007), also cited by Upkins (Traverse, ECF No. 10, PageID 507-08), the appellate court held defendant suffered no harm when the trial judge added

8

to the plea colloquy the warning that a guilty plea could not easily be withdrawn. *Id*. at ¶¶ 13-15. Moore's argument was exactly the reverse of what Upkins argues here.

At the end of his argument on Ground Two, Petitioner asserts that the trial judge sentenced him on materially false information and that he received ineffective assistance of trial counsel when his attorney "stood mute" during part of the sentencing (Traverse, ECF No. 10, PageID 511). The Petition contains neither of these claims and a habeas petitioner may not add claims to the case by making them in a traverse or reply. *Jalowiec v. Bradshaw*, 657 F.3d 293, 312 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). Accordingly, this Report offers no recommendation on those claims.

Ground Two as pleaded in the Petition should be dismissed.

**Ground Three: Breach of the Plea Agreement by the State**

In his Third Ground for Relief, Petitioner asserts the State has breached the plea agreement by the manner in which the prosecutor spoke at sentencing (Traverse, ECF No. 10, PageID 512, et seq.) The record of sentencing belies that claim. While the prosecutor recited facts which supported a committed sentence, he stood by his prior recommendation of a four-year sentence (Sentencing Transcript, State Court Record, ECF No. 4, Ex. 7, PageID 68-69.) In fact, he specifically asked the Court to impose that sentence. *Id.* at PageID 69. The State did not breach the plea agreement by what Mr. Zimmerman, the prosecutor, said at sentencing. Ground Three should therefore be dismissed

**Ground Four: Ineffective Assistance of Appellate Counsel**

In his Fourth Ground for Relief Upkins claims he received ineffective assistance of appellate counsel for failure to raise on appeal claims of ineffective assistance of trial counsel.

As Upkins recognizes, the standard for assessing claims of ineffective assistance of counsel was set by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694; accord *Darden v. Wainwright*, 477 U.S. 168, 184 (1986).; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Penson v. Ohio,* 488 U.S. 75, 85 (1988); *Evitts v. Lucey,* 469 U.S. 387, 396 (1985); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Counsel must be appointed on appeal of right for indigent criminal defendants. *Anders v. California*, 386 U.S. 738, 743 (1967); *Douglas v. California*, 372 U.S. 353 (1963). The right to counsel is limited to the first appeal as of right. *Ross v. Moffitt*, 417 U.S. 600 (1974). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). "To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise." *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011), citing *Wilson v. Parker,* 515 F.3d 682, 707 (6th Cir. 2008). "Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal." *Id.*, *citing Wilson*, 515 F.3d at 707. "If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether

11

the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel." *Id., citing Wilson*, 515 F.3d at 507. The attorney need not advance every argument, regardless of merit, urged by the appellant. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.." *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), citing *Smith v. Murray*, 477 U.S. 527, 536 (1986). "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248, 257 (6th Cir. 2017) (brackets in original), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008). However, failure to raise an issue can amount to ineffective assistance. *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004), *citing Joshua,* 341 F.3d at 441; *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle,* 171 F.3d 408, 427-29 (6th Cir. 1999).

Upkins was represented on appeal by the same attorney who represented him at trial. This would have permitted him to raise his claims of ineffective assistance of trial counsel in a petition for post-conviction relief under Ohio Revised Code § 2953.21, but he never did so. Instead, he filed an application to reopen his appeal under Ohio R. App. P. 26(B). In that Application, he raised the following as "assignments of error not considered on appeal due to counsel's ineffectiveness":

> Issue I: Character of the Plea Agreement: Specifically pursuant to Ohio R. Crim. P. 11(F) negates the requisite voluntary and knowing character of the plea, thus voids the plea."
>
> Issue II: Trial court's non-compliance with due process in accepting Appellant's guilty plea (written plea agreement): whether Appellant

>had been acknowledged option and afforded opportunity to withdraw his guilty plea: specifically, Ohio R. Crim. P. 11(C)(2).
>
>Issue III, Breach of plea agreement by the State.
>
>Issue IV: Whether Appellant was afforded effective assistance of counsel.
>
>Issue V: Whether the trial court erred in imposing fines.

(Application, State Court Record, ECF No. 4, Ex. 26, PageID 330, et seq.) As will be readily seen, these five issues directly parallel the five Grounds for Relief in the Petition. The Third District decided the Application, summarily but on the merits. *Id.* at Exs. 29, 31.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 99 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In arguing Ground Four in his Traverse, Upkins introduces a new issue of ineffective assistance of trial counsel: failure of trial counsel to furnish Upkins with the State's discovery packet until after the guilty plea was entered (Traverse, ECF No. 10, PageID 516.) This claim is procedurally defaulted because it was never raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21, and such a petition would now be time-barred. To the extent Upkins is accusing appellate counsel of providing ineffective assistance of appellate counsel by not raising this claim, he has procedurally defaulted the claim by not including that claim in his
13

26(B) Application. Moreover, it is not an issue pleaded in the Petition.

Upkins also asserts in the Traverse that his trial counsel provided ineffective assistance of trial counsel when he "stood mute when Petitioner objected to the use of materially false information at the sentencing." (ECF No. 10, PageID 519). While this claim is raised in the Petition, it is procedurally defaulted because it was not raised in Upkins's Rule 26(B) Application. Upkins's claim in the Traverse that appellate counsel failed to obtain a complete record on appeal is barred for the same reason.

Upkins argues at some length that an appellate attorney who served as trial counsel has a conflict of interest which will likely prevent him or her from arguing a defendant received ineffective assistance of trial counsel (Traverse, ECF No. 10, PageID 523-25). But Ohio provides a remedy for this conflict by permitting ineffective assistance of trial counsel claims which would ordinarily have to be brought on direct appeal to be brought instead in a petition for post-conviction relief. Upkins never filed such an action.

Because Upkins has not shown the Third District's decision on his claims of ineffective assistance of appellate counsel were contrary to or an objectively unreasonable application of *Strickland*, his Fourth Ground for Relief is without merit and should be dismissed.

**Ground Five: Error in Imposition of Fines**

In his Fifth Ground for Relief, Upkins argues the trial court erred in imposing fines as part of the sentence without and inquiry as to his ability to pay (Petition, ECF No. 1, PageID 12).

A basic jurisdictional requirement for habeas corpus attack on a judgment is that the petitioner must be in custody pursuant to that judgment. *Maleng v. Cook*, 490 U.S. 488, 490-91

(1989) (per curiam). Upkins is not in custody pursuant to the fine portion of the sentence, but rather pursuant to the imprisonment portion. Should it later happen that he is confined for failure to pay the fines, then he will be in custody sufficient to challenge the fines, but such a claim is not yet ripe.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 10, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).